■ Charles J. Kaisted, Plaintiff, v. New York City Housing Authority et al., Defendants, and H. R. H. Construction Corp. et al., Third-Party Plaintiffs-Respondents. Connecticut Fire Insurance Company, Third-Party Defendant-Appellant.— Order denying motion to dismiss third-party complaint unanimously reversed on the law, with $20 costs and disbursements to the third-party appellant, and the third-party complaint dismissed, with leave to defendant and third-party plaintiff Carver Concrete Corp. to replead, if it is so advised. The appeal is dismissed, without costs, as moot, as to the third-party

plaintiff-respondent, H. R. H. Construction Corp. Plaintiff's complaint alleges that he was injured as the result of the negligence of all the parties defendant, who were collectively in control of certain work being done on a housing project site. The negligence alleged consisted of permitting trucks to spill water at the entrance to the site, in permitting the entrance to become icy, in failing to remedy the dangerous condition or warn plaintiff thereof, and in failing to furnish plaintiff with a safe place to work. Defendant-appellant Carver Concrete Corp., the concrete subcontractor, in its third-party complaint, demands judgment over against the Connecticut Fire Insurance Company, claiming coverage under a policy of liability insurance which Connecticut issued to defendant Transit Mix Concrete Corporation, covering the trucks used for the delivery of concrete. Defendant H. R. H. Construction Corp., the general contractor has discontinued its third-party complaint and perforce withdrawn its appeal. Carver is not named as an assured under the policy. While the policy provides that an assured " should include any person or organization legally responsible for the use of a covered motor vehicle ", it is not sufficient for Carver to allege merely that it is an insured within the policy and that if plaintiff should recover a judgment against it, it would be entitled to coverage. There is no basis to be found in the third-party complaint for this stark and conclusory allegation. No facts are alleged by Carver to support a finding of its legal responsibility for the use of the motor vehicle involved in plaintiff's accident so as to bring it within the policy coverage. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bergan, JJ.